ELIZABETH E. CRAIG *v.* HEBRON BUILDING &
LOAN ASSOCIATION NO. 2, INCORPORATED
[No. 41, October Term, 1936.]

*Decided January 21st, 1937.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Richard F. Cleveland,* for the appellant.

*Benjamin L. Freeny,* with whom was *Arthur Trader* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

The appellant, Elizabeth E. Craig, signed and delivered to the National Home & Improvement Company an alleged promissory note for $275, with interest, dated March 15th, 1932, which provides for monthly payments of $25. By the terms of this note any attorney of any court of record was authorized to appear and confess judgment in favor of the holder thereof for such an amount as remained unpaid thereunder. The note came into the hands of the appellee, the Hebron Building & Loan Asso-

ciation No. 2. Default having occurred in the payment of certain installments, judgment was entered thereon in the Circuit Court for Anne Arundel County on October 22nd, 1932, for the sum of $200, with interest and costs.

The defendant did not have notice of this judgment until long after its entry, and not until July 19th, 1935, was a *fieri facias* issued thereon. The property was then advertised for sale, and the appellant thereupon filed a motion to strike out the judgment, supported by a lengthy petition, verified by affidavit, and setting out the facts relied upon to sustain the motion, and accompanied by additional sworn statements of facts and circumstances surrounding the obtaining of the note. The petition charges that the alleged note was procured by misrepresentations, fraud, and undue influence practiced upon the appellant by Samuel A. Forchlager, an individual trading under the name of the National Home & Improvement Company. To this petition and motion the appellee filed a combined demurrer and answer. The demurrer was sustained, but no judgment or order was entered in consequence thereof. From this ruling, sustaining the demurrer, the appeal herein was taken. For reasons hereafter stated this procedure is not approved.

The appellee contends that the ruling on the demurrer did not constitute a final disposition of the matter, and therefore an appeal on the law side of the court cannot be taken therefrom, or from any other ruling, judgment, or order that does not finally conclude or dispose of the matter before the *nisi prius* court. But it seems to the court that the procedure in this case is mistaken, and that, properly viewed, there is no question of finality of the action of the court. A motion to strike out a judgment, like many other motions, such as a motion for a new trial, is not, in our practice, a subject of extended pleading. After its filing, with such substantiation in respect to facts as the parties think necessary, the motion is set down for a hearing, and at the hearing all questions of fact and of law are before the court for decision, without further pleading. 2 *Poe, Pl. & Pr.* sec. 394. Therefore

the demurrer in this instance was a superfluous method of presenting the point of law, and should be disregarded. There is but one action on a motion, in the alternative, a sustaining of it, or an overruling of it, sometimes under conditions. In ordinary course, the action of the court in sustaining the demurrer, holding that the motion is not supported in law in this instance, no amendment or further proceedings on it being contemplated, would be regarded as nothing more or less that the ordinary overruling of the motion, and the court would conclude that the proceeding should all be treated as the ordinary proceeding on motion and the action final and ready for an appeal.

The lower court was of the opinion that the facts presented in the petition and in the affidavits were not sufficient to sustain that contention. The judgment therefore stands unimpaired. We do not agree with that conclusion, assuming the facts so alleged to be true. The appellee also urges that there was delay amounting to laches on the part of the appellant in presenting her petition and motion, and in consequence of this she is not entitled to the relief prayed, and further contends that the appellee, as a *bona fide* holder of the note for value without notice, is entitled to the judgment recovered thereon, regardless of any fraud practiced upon the appellant, because she had signed the alleged note, thereby enabling the payee of the note to negotiate it. The appellant urges that the obtaining of the signature to this alleged note was under false representations made by Samuel A. Forschlager as to the nature of the paper, inducing her to believe that she was merely signing a permit for him to go upon and inspect the property, in contemplation of certain repairs to be made upon it, and that, instead of its being a mere permit to go upon the property, it was the negotiable promissory note, upon which the judgment was entered. The appellant urges that under this condition the paper has no more validity than a forgery or where a signature is obtained by compulsion or duress; and therefore the appellee did not take any better title than Forschlager

had. It is unnecessary to further consider or dispose of this contention, because the petition alleged that there was a letter written by the appellee to the appellant to the effect that the appellee, the building and loan association, held for collection the balance due on the note or judgment. This letter was written after the judgment had been recovered; therefore it might be found that the appellee, according to its statement in writing, held the note or the judgment for collection, and had no better title than Forschlager or the National Home & Improvement Company.

As to the proposition of laches, this is always determined in the light of all the circumstances in each case. Mrs. Craig was an old woman, suffering from *angina pectoris*, which, if true, would greatly diminish her ability to deal with matters of business, and it is alleged that she had practically no understanding of business matters. She alleges that she was induced to sign the alleged note shortly after she had returned from the hospital, and while she was in such a condition as to be unable to write her name without assistance, that the appellee himself assisted her, and that the judgment was recovered without her knowledge. She had supposed, she alleges, that she was signing a mere permit to go upon the property, and it was so understood for a long time before she was advised to the contrary, and because of her enfeebled condition there were other and further delays. It was thought she would be unable to go into court to present her case. It is represented that she was very poor and had no means with which to conduct litigation. It is also claimed that she made three payments of twenty-five dollars each on account of the note, thus ratifying and confirming the transaction, but, on the other hand, it is charged that the appellant believed that she was only paying for certain work that had been done upon her property, and not on account of a note of which she knew nothing.

The efforts of the attorney for Mrs. Craig to make some adjustment of the matter should possibly not be urged against her, as he was dealing with a situation

which presented difficulties. He had, according to the allegations, an impoverished client, a very old woman reduced by disease, with no means with which to prosecute her suit, and probably unable to attend court. He may have been endeavoring by concessions in the form of a compromise to extricate her, as far as he could, from the situation in which he found her, by reason of fraud, misrepresentation, and undue influence practiced upon her, as alleged in her motion. "In this state, at least, judgments entered by confession are freely stricken out on motion at law, to let in defenses." *Phillips v. Taylor*, 148 Md. 157, 163, 129 A. 18, 20; *International Harvester Co. v. Neuhauser*, 128 Md. 173, 97 A. 372; *Automobile Brokerage Corp. v. Myer*, 154 Md. 1, 6, 139 A. 539; *Keiner v. Commerce Trust Co.*, 154 Md. 366, 370, 141 A. 121; *Denton Nat. Bank v. Lynch.* 155 Md. 333, 342, 142 A. 103; *Finance Co. v. Myerly*, 161 Md. 23, 26, 155 A. 148.

Under the facts presented in the petition and accompanying affidavits filed in connection with the motion to strike out the judgment, and because of our views relating to the proceedings adopted and how they should be regarded, we see no reason for dismissing this appeal, and the motion to do so will be overruled and the order of the lower court reversed. Ordinarily, when all matters of law and fact are submitted at the hearing on such a motion, as they should be, our order here would be in effect a final disposition of the case, but out of abundant caution, in order that the judgment creditor may not by the action on the demurrer and on questions of law only be denied an opportunity to present evidence or affidavits in its favor on the facts, the case will be remanded for further proceedings.

> *Motion to dismiss appeal overruled. Order of court reversed and case remanded for further proceedings, costs to be paid by appellee.*