## NORTHOVER CENTER, INC. *v.* DART DRUG CORPORATION, NORTHOVER

[No. 487, September Term, 1974.]

*Decided February 20, 1975.*

The cause was argued before MORTON, LOWE and MELVIN, JJ.

*Warren Browning* for appellant.

*James S. McAuliffe, Jr.* and *Joseph M. Quirk,* with whom were *Heeney, McAuliffe & Rowan* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

Northover [1] filed a Bill of Complaint on January 21, 1974

---

1. Northover Center, Inc., a Maryland Corporation, appellant.

in the Circuit Court for Montgomery County to remove an apparent cloud from the title to real estate comprised of a Lease Agreement with the appellee, Dart Drug.[2] The lease let the real estate described "together with the building to be erected thereon . . . for a term of 20 years commencing . . . the earlier of the thirty-first day after completion of the building . . . and the satisfaction of other conditions of Article 5 . . . or the date of the opening of the Demised Premises for business with the public . . . ." The "other conditions of Article 5" included obtention by Dart Drug of "all necessary business licenses and permits to enable it to conduct its business at the premises."

After convenanting that the building would be commenced by June 1, 1968 and completed and delivered to Dart no later than June 1, 1969, Northover agreed that

"If the building is not so commenced or is not completed . . . Tenant shall have the right, at any time after the expiration of either of such dates, to

(a) terminate this lease by giving Landlord written notice and thereupon Tenant shall be relieved and released of all obligations hereunder; or

(b) extend Landlord's time for completion thereof and delivery of possession to Tenant."

In its Bill of Complaint, Northover alleges that:

"Because of economic conditions beyond its control, Plaintiff has been unable, and is now unable, to construct the aforementioned proposed building in accordance with the terms and conditions of said Lease Agreement."

Dart Drug demurred and pursuant to Md. Rule 345 it stated "in detail the question of law or insufficiency of substance upon which the demurrer [was] founded." Four causes were set forth as grounds for the demurrer:

---

2. Dart Drug Corporation, Northover, a Maryland Corporation, appellee.

"1. That the facts alleged in the Bill of Complaint do not entitle the plaintiff to the relief sought, these facts being very similar to the facts in *Acme Markets, Inc. v. Dawson Enterprises, Inc.,* 253 Md. 76, *in which the Maryland Court of Appeals held that as a matter of law a Bill to remove a cloud on the title would not lie.*

2. That the Lease Agreement attached to the Bill of Complaint as "Plaintiff's Exhibit A" shows that the Lease Agreement was to run for a term of twenty (20) years commencing no later than June 1, 1969, and therefore the plaintiff as a matter of law is not entitled to the relief sought.

3. That *the Bill of Complaint fails to state how,* when and under what circumstances *the plaintiff became the successor* in interest *to* Lloyd Odend'hal and Evelyn Odend'hal, *the parties with whom defendant contracted in the Lease Agreement,* and particularly by failing to state whether the plaintiff is contractually obligated to acquire the property upon the Lease being upheld by the Court, the Bill of Complaint is deficient in failing to show a right on the part of the plaintiff to bring this suit.

4. That *the Bill of Complaint fails to state facts to support* the allegation that the Lease Agreement is causing the plaintiff *irreparable damage,* but rather the Bill of Complaint shows that the plaintiff is not and cannot be irreparably damaged by the Lease Agreement since the plaintiff contracted with Lloyd Odend'hal and Evelyn Odend'hal with full knowledge of the existence and terms of the recorded Lease Agreement."
[Emphasis added throughout]

The chancellor sustained the demurrer without leave to amend and in a lengthy, carefully written opinion set forth his reasons. Significantly, though, he did not respond to *any* point raised by the demurrer. Instead, he considered the merits of four of the allegations of *Northover.* The

chancellor's failure to decide the questions raised in the demurrer to which he was restricted at that juncture of the proceedings, compels our reversal. *Cf., Hall v. Barlow Corp.,* 255 Md. 28, 41.

### The Chancellor's Opinion

The opinion of the chancellor resolved four contentions of Northover in its Bill of Complaint, none of which were the "questions of law or insufficiency of substance upon which the demurrer [was] founded." The chancellor acknowledged that they were taken from the Bill of Complaint which he paraphrased:

> "Plaintiff advances four contentions:
>
> (1) Since construction of plaintiff's building has not even been started and plaintiff [sic] has not exercised its right to terminate the lease, nor to extend the same for completion of the demised building, *plaintiff [sic] is guilty of laches.*
>
> (2) That the leasehold estate did not vest until the commencement date as defined in Paragraph 6 and that said date could be postponed beyond the time prescribed by *the rule against perpetuities,* a circumstance which invalidates the entire lease.
>
> (3) That since vesting of the leasehold estate could be postponed indefinitely, the lease imposes an *unreasonable restraint on alienation* and is, therefore, invalid.
>
> (4) That the lease is invalid because it *lacks mutuality* in that the defendant (Tenant) alone is given the power to terminate it."

[Emphasis added throughout].

The court resolved the questions it had raised from the Bill of Complaint against Northover in a seven page opinion which when synopsized decided that:

> 1. Laches were inappropriate because "this litigation is proof that [Dart] declined to terminate . . ." and the extension is prescribed

because the extension did not have to be in writing, only the termination;

2. The perpetuities rule was not violated because the leasehold interest vested upon execution of the agreement (September 7, 1967) and the rule applies only to vesting not to possession or enjoyment;

3. Restraint on alienation was also answered by the vesting of the leasehold estate; and

4. *Acme Markets v. Dawson Enterprises, supra,* was dispositive of the question of lack of mutuality.

Not only did the chancellor fail to meet the limited issues detailed in the demurrer, his opinion treated fewer than all of the contentions of the Bill of Complaint. In addition to the four issues the chancellor *sua sponte* elected to decide, there was a commercial frustration contention which he inexplicably did not treat. The answers he gave were not to the questions asked by the defendant, nor did they respond to all the issues raised by the plaintiff.

Although the chancellor's opinion repeatedly speaks of the "demurrer" it is apparent that he treated it as a Motion for Summary Judgment, much as was done by the Court in *Myers v. Montgomery Ward Co.,* 253 Md. 282. In *Myers* Judge Singley noted that "It is quite apparent, although the court did not so state in its memorandum, that the demurrer was treated as if it had been a motion for summary judgment filed under Rule 610, since the court addressed itself to each of the alternative legal theories advanced by the declaration." *Id.* at 289. There is an important distinction between *Myers* and the instant case, however. Because in *Myers* the lower court was dealing with facts established by testimony and stipulation, and submitted an opinion on the demurrer issues as well as on the merits, the demurrer/summary judgment distinction was essentially a technical one for which the Court of Appeals chose not to reverse. The significance of the absence of fact finding here, however, is amply demonstrated by the previously mentioned commercial frustration issue. In *Acme Markets,*

*Inc. v. Dawson Enterprises, Inc.,* 253 Md. 76, a case quite similar factually to the case *sub judice,* the trial and appellate courts resolved the commercial frustration issue solely on the basis of elicited *testimony.* In this case, where there has been no determination of the commercial frustration contention, no indication that the facts were undisputed, no fact findings and no resolution of the demurrer issues the demurrer/summary judgment distinction assumes major importance.[3]

We are not satisfied that justice would be served here by deviating from the Rules to avoid a remand as was appropriate in *Myers.* The very sparse record discloses that appellant filed with its Bill of Complaint a Motion for Summary Judgment. There had been neither a hearing nor answer filed to that Motion when the matter was set for hearing on the demurrer[4] (filed three months after the Motion for Summary Judgment). Appellant should not have been expected at that time to defend his entire cause of action, but merely to respond to the issues specifically raised by the demurrer. Md. Rule 345 b (made applicable to demurrers in equity by Rule 373) "is a salutory rule which prevents the surprises and difficulties attendant upon the common law general demurrers." *Hall v. Barlow Corporation,* 255 Md. at 41.

Appellant has already been required to argue its case on the merits at a demurrer hearing which it had every right to anticipate would deal with the demurrer. To now hold that because its Bill was accompanied by an as yet unanswered and unheard summary judgment motion we are somehow licensed to compound the chancellor's error and rule upon the merits, would only add insult to injury.

---

**3.** If the first issue raised in appellee's demurrer, *viz.* that the Acme Markets' case held, as a matter of law, that a Bill to remove a cloud on the title would not lie, were correct the demurrer would have been validly sustained. We persist in our view that the case should be remanded for appropriate rulings on the questions of law raised by demurrer, however, because we find appellee's contention regarding Acme Markets so patently untenable. Although quite similar factually to the case *sub judice,* it does not espouse nor imply the concept attributed to it.

**4.** Docket entry shows:

"June 7, 1974    Hearing on Defendant's Demurrer to Bill of Complaint — ruling reserved."

In accordance with the preceding discussion, we are not inclined to rule in the first instance on the issues raised by Dart's undecided demurrer. Md. Rule 1085. The judgment of the chancellor sustaining the demurrer is vacated and the cause remanded for a determination of the issues raised.

*Judgment vacated.*
*Case remanded for determination*
*on demurrer.*
*Costs to be paid by appellee.*