# DOLORES DOBROW *v.* LAWRENCE DOBROW

[No. 392, September Term, 1981.]

*Decided January 7, 1982.*

The cause was argued before MOYLAN, MOORE and BISHOP, JJ.

Ferdinand J. Mack for appellant.

John W. Kornmeier for appellee.

BISHOP, J., delivered the opinion of the Court. MOORE, J., concurs and files a concurring opinion at page 472 *infra*.

Dolores Dobrow appeals from an order of the Circuit Court for Montgomery County, dated February 18, 1981, which reduced the $1,000 per month alimony that Lawrence Dobrow was required to pay appellant under a 1977 agreement entered into in open court. In 1980, the appellant sought to increase the alimony while the appellee endeavored to decrease it. Testimony thereon was taken before a domestic relations Master who, in a proposed Order of Modification, recommended a 30% reduction in alimony. The court adopted the Master's recommendation on February 18, 1981.

In this Court the appellant asserts that a "simple recitation of the facts" demonstrates that the lower court abused its discretion or was clearly erroneous.

The appellant avers that neither the Master nor the Chancellor made any findings of fact which support the trial court's decision to adopt the Master's proposed order. Such allegations adequately raise the question of whether the Chancellor erred as a matter of law in adopting the Master's recommendation after the filing of exceptions without in any way ruling on those exceptions. If error were committed, then there was a denial of procedural due process which would require that this case be remanded for further proceedings. *Charles J. Cirelli & Sons v. Harford Co.*, 26 Md. App. 491, 497, 338 A.2d 400 (1975).

## The Facts

Unlike appellant, we find no "simple recitation of the facts" in the record. To the contrary, the testimony of the parties and the statements in their respective briefs demonstrate that many "facts" remain in dispute. The category of

disputed facts includes, *inter alia,* the actual income and expenses of the parties, the accurate resolution of which is essential to a determination of the change, if any, in their circumstances.

On January 26, 1981, the domestic relations Master heard the testimony of the parties, but because of the appellant's failure to comply with Md. Rule 596 f. 2. b., concerning the notice of intent to file exceptions to proposed recommendations, the Master made no written report respecting findings of fact. Nevertheless, in order for the Master to recommend a reduction in alimony, he was required to believe certain parts of the testimony and to reject other portions. The Master's analysis of the testimony, however, was not before the Chancellor.

When the Master's proposed order was presumably approved and stamped with a facsimile signature of the Chancellor on February 18, 1981, the pleadings, exceptions, and the proposed order of modification were all that were in the court file. All that proposed order contained was the bald recitation, "This is a proper order to be passed in this case." The record reveals that the exhibits in this case were not filed until the next day, February 19, 1981. Moreover, the transcript of the hearing before the Master was not placed in the record until May 21, 1981, more than three months after the Chancellor's facsimile signature was affixed to the order of modification. Thus, there was no evidence before the Chancellor at the time the proposed order of modification was "signed." The Chancellor did not rule on the exceptions, nor did he give any reason for his failure to so rule.

### Scope of Review

While the argument in this appeal is based on the testimony and exhibits submitted to the Master, none of that evidence is before us because none of it was before the Chancellor on the date of the order. In an action tried by a lower court without a jury, our appellate review addresses both the law and the evidence, but our scope of review is limited to the evidence upon which the Chancellor bases his

conclusion to sign the order. *Casson v. Joyce,* 28 Md. App. 634, 638, 346 A.2d 683 (1975). A judgment of the lower court will not be set aside on the evidence unless clearly erroneous. Md. Rule 1086. *Wenger v. Wenger,* 42 Md. App. 596, 402 A.2d 94, *cert. granted,* 286 Md. 755 (1979), *appeal dismissed at request of counsel.* (Ct. App. January 2, 1980).

Since the Chancellor had no evidence before him at the time he signed the order, we have no evidence before us.

### The Chancellor's Duties

Assuming *arguendo* that the exceptions filed by appellant conformed to the requirements of the applicable rules, the Chancellor in this case did not perform the duties required of him. This Court, in *Ellis v. Ellis,* 19 Md. App. 361, 311 A.2d 428 (1973), considered an appeal from a child custody case in which the Chancellor filed an order based solely on the recommendations of a Master. We noted that the Chancellor had no evidence or testimony before him from which to make the determinations necessary for an intelligent judgment. We held in *Ellis* that the Chancellor's order, in the absence of a factual predicate, constituted a miscarriage of justice. We said:

> "Litigants in all judicial proceedings are entitled to have their cause determined ultimately by a duly qualified judge of a court of competent jurisdiction. Md. Const., Art. IV, § 1; Md. Code, art. 26, § 30; Md. Rule 71 a. While the system of resorting to Masters is one of long standing and undoubtedly has salutary effects resulting in the more expeditious dispatch of the judicial process, the system cannot supplant the ultimate role of judges in the judicial process itself." 19 Md. App. at 365.

Relying on the Court of Appeals decision in *Bris Realty v. Phoenix,* 238 Md. 84, 89, 208 A.2d 68 (1965), for the proposition that a Master must make findings and suggest a disposition to the circuit court, we further said in *Ellis, supra* at 366, that the Chancellor's action was no more than a *pro*

*forma* adoption of the Master's recommendation and, therefore, a violation of the appellant's right to an independent review of the evidence.

More recently, this Court reiterated the requirement for a factual basis to a Chancellor's order. We found that the requirement was met in *Wenger, supra.* There, we affirmed an order modifying child support and alimony because the Chancellor "made it very clear that his factual predicate was 'the record' made before the Master as well as the report of the Master and the exceptions taken to it." *Id.* at 599. The Master's report in *Wenger* consisted of five pages of findings of fact and one and one-half pages of recommendations. We readily distinguished those circumstances from *Ellis.* Additionally, in *Wenger,* we stated that there would have been a "forbidden delegation of the judicial function" if the Chancellor had no choice but to affirm the Master's recommendation. *Id.* at 603.

### The Rules

We discussed in *Wenger* the application of Rule S 74. f. 4 of the "Court Rules — Sixth Judicial Circuit of Maryland," which requires:

> "Upon the filing of exceptions pursuant to this section, the proceedings shall be referred to the Court. The Court shall then rule upon the exceptions on the record, unless it shall determine that a hearing is required, in which event the Court shall refer the proceedings and the exceptions to the Assignment Office for the scheduling of a hearing on the exceptions and the notification of counsel."

We said that the Chancellor fulfilled the requirements of the rule by "fashion[ing] his ultimate decree on the basis of the report and its findings of fact, the exceptions taken to the report, and 'all relevant facts.' " 42 Md. App. at 598-99. *See Terry v. Terry,* 50 Md. App. 53, 435 A.2d 815, 817 (1981), in which the Circuit Court for Montgomery County complied

with Sixth Circuit Rule S 74 and provided appellant with a hearing on exceptions taken to a Master's recommendations. *See also Rand v. Rand,* 33 Md. App. 527, 538, 365 A.2d 586 (1976), *vacated on other grounds,* 280 Md. 508, 374 A.2d 900 (1977).

As we previously stated, the appellant did not comply with Md. Rule 596 f, which requires a party in a domestic relations case to notify the Master to prepare and file a written report with the court. That section provides that within five days from the service of a notice of the proposed recommendation, a written intention to file exceptions shall be sent to the Master, with a copy to the clerk and all other parties. The failure to file the notice of intention to file exceptions is a waiver of the right to file exceptions.

In the case, *sub judice,* the actual exceptions themselves were timely filed with the clerk, with a copy sent to the other party, but no copy was sent to the Master. Inasmuch as the Master was not apprised of the exceptions, he had no way of knowing that a report was required. Md. Rule 596 f. 2. c. When exceptions have been filed, however, does the failure to conform with this notice of intention requirement in any way relieve the court of its obligation to base the issuance of its order or decree upon facts of which it has knowledge? We considered that question in *Ellis, supra* at 366-67, where we said:

> "And rule or no rule, parties . . . are entitled to have the carefully and intelligently exercised judgment of the Chancellor, as distinguished from that of the Master's alone. Without having at least reviewed the testimony and evidence adduced at the hearing before the Master, the Chancellor clearly was in no position to fulfill his judicial obligation to the parties. Nor is this Court in a position properly to discharge its function . . . when our appellate review of a Chancellor's action is invoked, we do not merely review the findings and order of the Chancellor but must review the evidence before the Chancellor and make an independent assessment of

it. We cannot here review the facts before the Chancellor because there were none."

The United States Supreme Court in *Swisher v. Brady,* 438 U. S. 204 (1978) held that under Maryland law, Masters serve only as ministerial assistants to Chancellors; the Chancellors alone have the power to enter a binding judgment.

### Conclusion

The domestic relations Master in the instant case mailed to the parties on February 4, 1981, copies of the proposed order of modification. The appellant timely filed exceptions. Md. Rule 596 f. 2. b. Supplemental exceptions were filed two days later. The documents allege specific error on the part of the Master, and request a *de novo* hearing before the circuit court. The Chancellor's order of modification makes no mention of the exceptions. If the exceptions conformed with the rules, then clearly the Chancellor failed to act in accordance with the foregoing requirements. If the exceptions did not conform with the rules, then the Chancellor should have so stated. The Chancellor's failure to rule on the exceptions, either as to their validity under the rules or as to their substance, denied the appellant procedural due process, and compels remand. *Northover Center, Inc. v. Dart Drug Corp.,* 24 Md. App. 638, 641, 332 A.2d 729 (1975). *See Craig v. Hebron Building and Loan Assn.,* 171 Md. 522, 525, 189 A. 218 (1937), cited in 60 C.J.S. *Motions and Orders* § 38, for the proposition that "a party is entitled to a decision of his motion."

Because a question exists as to the effect of the appellant's noncompliance with the rule requiring notice of intent to file exceptions, we shall remand the matter for a determination by the Chancellor of the validity of the exceptions and a modification of his order, if required.

We suggest the immediate end to the use of facsimile signatures on original orders and decrees. Without the

original signature of the reviewing judge there is nothing in the record to support a conclusion that the Chancellor ever personally saw the order.

> *Case remanded pursuant to Md. Rule 1071 a for further pro- ceedings.*
> *Costs to be divided equally between the parties.*

*Moore, J., concurring:*

I concur in the result reached in this appeal but consider it important to emphasize that, through no fault of the chancellor, we are without findings of fact in this case.

The fault is that of the appellant who failed to follow the "precise rubrics" of Maryland Rule 596 (1981 Cum.Supp.). Specifically, she neglected to notify the Master in writing of her intention to file exceptions, as required by subsection f.2. of the Rule. This is a serious omission, for two reasons: (a) Under 596 f.2. (b), unless there is a timely filing of the notice of intention to file exceptions, *the right to file exceptions is waived;* (b) under 596 f.2. (c), the Master is not required to file a "written report" (*i.e.*, findings of fact) unless the aforesaid notice has been filed.

This serious omission is not cured by filing exceptions "with the clerk" under 596 h.1., as did appellant. That subsection requires that the exceptions be filed "within ten days from the filing of the written report." But here, the written report was not filed by the Master. He was kept completely in the dark because no notice of intent was filed. No written report from him would be forthcoming without that notice.

It would seem that, on remand, all the chancellor need do is make a suitable inscription that the appellant's exceptions are a nullity because the right to file them was waived.