503 A.2d 264
**Horace Wayne BRANDON**

v.

**Dellie V. BRANDON.**

**No. 610, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 17, 1986.

216

Kenneth A. Lechter (Fisher & Walcek on brief), Marlow Heights, for appellant.

Donna C. Aldridge, Hyattsville, for appellee.

Argued before MOYLAN, WILNER and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

The chancellor of the Circuit Court for Prince George's County granted Dellie V. Brandon a monetary award of fifty percent of Horace Wayne Brandon's pension, when

and if received, alimony of $450.00 per month indeterminately and attorney's fees of $2,632.40. Mr. Brandon challenges each of those awards as court error. Mrs. Brandon cross-appeals asking:

> "Did the Court err in granting to the Defendant [ (Cross/Appellant) ] an alimony award of $450.00 per month rather than $600.00 per month as recommended by the Master considering the facts of this case?"

We discern much confusion and delay in this matter and some error. Accordingly, we will remand.

Horace Wayne Brandon filed suit for divorce alleging a separation that existed between the parties for close to ten years. Mrs. Brandon answered the complaint requesting alimony, a marital award and attorney's fees. A full evidentiary hearing was held before the Master for Domestic Relations Causes in June of 1983. The master recommended, *inter alia,* a divorce and alimony of $200 per month for five years. He also found that there was insufficient evidence to grant a monetary award.

Mrs. Brandon took exception to the failure to recommend a monetary award and to the amount and duration of the recommended alimony.[1] The master filed a supplemental report enlarging upon his reason, not pertinent here, for recommending $200 per month in alimony for five years. A final decree of divorce was then entered.[2] A few months later a hearing was held on Mrs. Brandon's exceptions. As a result, the chancellor filed an Opinion and Order remanding the case to the master for a number of reasons, including the failure to identify and value the marital property.

A second hearing was held before the master in April of 1984. The primary evidence presented at this hearing was

---

1. Mrs. Brandon did not except to the master's failure to recommend an award of attorney's fees.

2. The divorce decree, in which there was no reservation of right to make a monetary award, was signed September 20, 1983. The monetary award was made January 7, 1985. No issue is raised relative to the lack of reservation or time elapsed.

the testimony of an economist valuing Mr. Brandon's pension.[3]  Also, Mrs. Brandon offered evidence of some changes in her financial condition.  The master filed another report, this time recommending alimony of $600 per month to Mrs. Brandon "through" the date of Mr. Brandon's retirement, and thereafter fifty percent of the retirement income, if and when collected, "after any tax deductions."

Subsequently, both parties took exceptions to this report. Mrs. Brandon excepted to the amount of the alimony award and the denial of attorney's fees.  Mr. Brandon also excepted to the amount of the alimony award and the awarding of half of his pension.

The chancellor again remanded the case to the master for the same purposes set out in the first order, including to identify and value the marital property, to make a decision on attorney's fees, and to clarify the basis upon which he made the new recommendations.  The chancellor also questioned the consideration of Mrs. Brandon's testimony relating to changed circumstances.  The master filed a third report and both parties again took exceptions.

Upon hearing those exceptions, the chancellor reviewed the record and entered an order granting Mrs. Brandon $450 per month alimony, a fifty percent vested interest in Mr. Brandon's pension and a $2,632.40 award of attorney's fees.  Two weeks later, the chancellor modified the order, making the alimony award retroactive to the date of the first hearing approximately eighteen months prior.[4]

---

**3.** Mr. Brandon alleges that the pension was the sole item of marital property.  For purposes of this appeal, he does not contest its value, nor that normally it must be valued as of the date of divorce, not separation date of the parties.

**4.** The master never did complete the finding as to what constituted additional marital property or its value.  The chancellor likewise failed to complete this step.  We assume there was some marital property, as there was a house and there were furnishings.  The parties divided the furnishings during the pendency of the action and

Mr. Brandon appeals from both orders. Mrs. Brandon appeals only from the first order.

## INDETERMINATE ALIMONY OF $450 PER MONTH RETROACTIVE TO JUNE 20, 1983

We will consider cross/appellant's sole issue in conjunction with appellant's first issue, as one is merely the obverse of the other.

Appellant, in his exceptions and herein, complains of the disparity between the master's recommendations and the alimony finally awarded as to amount and duration. He points out that during the course of this litigation there were at least three different alimony awards recommended and/or entered:

(1) As a result of a show cause order in April of 1983, the court ordered appellant to pay $279 per month *pendente lite*.

(2) In June of 1983, the master held a full evidentiary hearing and recommended $200 per month for five years.

(3) The chancellor on hearing exceptions to the master's report did not find that recommendation improper as to amount, but ordered only that it be reviewed in light of any monetary award.

(4) After remand by the chancellor in October of 1983, the master recommended tripling the amount of alimony to $600 per month and extended its duration through the date of appellant's retirement. At this subsequent hearing, the master received additional testimony concerning alimony although he stated on a later remand that he did not consider it. The sole fact he claimed to have considered in making this change was that he awarded to appellee one-

---

sold the house and likewise divided the proceeds. Neither party complains of these omissions, hence we will not consider it on review.

half appellant's pension if and when collected "after any tax deductions."[5]

(5) After the second remand and report and exceptions, the chancellor in January of 1985 awarded $450 per month alimony with no termination date. On a supplemental order, he made the payments retroactive to June of 1983.

Appellant concludes that the chancellor erred and abused his discretion in setting the final alimony award, merely "compromising" between the master's original and modified alimony figures.

Appellant has reason to complain. The problems, whatever they may have been between the master and the chancellor, were not of his making nor were they the making of appellee. We do not, however, find the chancellor's award as to amount in error. We do question its duration. Let us explain.

## Amount

Our review is not of the master's actions but those of the chancellor. The chancellor has several options upon receipt of the master's recommendations. He may order *de novo* fact-finding in whole or part, or he may rule exclusively upon the report of the master. *Wenger v. Wenger*, 42 Md.App. 596, 402 A.2d 94 (1979). If he chooses this latter course, "he should defer to the fact-finding of the master where that fact-finding is supported by credible evidence and is not, therefore, clearly erroneous. The chancellor, however ... always reserves unto himself the prerogative of what to make of those facts—the ultimate disposition of the case." *Wenger v. Wenger*, 42 Md.App. at 602, 402 A.2d 94. The evidence and testimony before the master must be

---

**5.** The explanation of what the master considered in setting recommendations came in response to the second remand. We cannot fathom how an increase in the fortunes of appellee through a monetary award could result in an increase in the amount of alimony to be awarded, but the chancellor (whether out of frustration or concern for the litigants) did not remand yet again for an explanation.

before the chancellor when he makes his decision. *Dobrow v. Dobrow,* 50 Md.App. 465, 439 A.2d 596 (1982); *Ellis v. Ellis,* 19 Md.App. 361, 311 A.2d 428 (1973). The master, nevertheless, serves a valuable function of tentative fact-finding, especially in light of the fact that he hears the witnesses and observes their demeanor. *Wenger v. Wenger,* 42 Md.App. at 603–04, 402 A.2d 94.

In the instant case, appellant contends that since the chancellor chose to rely on the reports of the master, he should have deferred to the facts found in the master's first report filed after the hearing in June of 1983. He urges that to double that initial recommendation and make the alimony award indefinite was a clear abuse of discretion.

If the chancellor chose not to hold a hearing *de novo,* the only facts relevant to the ultimate alimony award would have been those adduced at the hearing before the master in June. Additional testimony, however, was taken before the master in April of 1984. We must look then to the basis upon which this additional testimony was taken, because this evidence was before the chancellor when he finally determined the alimony award.

Md. Rule 596 § h. 6[6] provided that at a hearing on exceptions, no additional evidence could be presented

> "unless the exceptant has set forth in the exceptions, with particularity, the additional evidence which he desires to offer at the hearing and specifically requests in the exceptions that additional evidence be taken at the hearing, with the reasons why the evidence was not offered before the Master. The court may in its discretion (i) remand the matter to the Master to hear and make appropriate findings or conclusions in regard to the additional evidence and to report thereon, (ii) hear and consider the additional evidence, or (iii) conduct a *de novo* hearing."

---

**6.** Rule 2–542(i), effective July 1, 1984, made no changes pertinent here to former Md. Rule 596 § h. 6.

The exceptions to the master's first report filed by appellee set forth no additional evidence she wished to offer. She made no request that additional evidence be taken. Appellant, in his opposition, sought no additional testimony either.

Hence, under Md. Rule 596 § h. 6 and *Dobrow, supra,* the chancellor was to consider only the evidence presented before the master at the first hearing in June. The chancellor, however, correctly concluded that when setting alimony he was required to consider as a factor any monetary award granted. Md.Fam.Law Code Ann., § 11–106(b)(11)(ii)(1984). To establish a monetary award, the statute and case law require him to make findings on the identity and value of the marital property. Md.Fam.Law Code Ann., § 8–205(a) (1984); *Grant v. Zich,* 53 Md.App. 610, 456 A.2d 75 (1983), *aff'd.* 300 Md. 256, 477 A.2d 1163 (1984). The master had failed to do so. The chancellor concluded that even though neither party proffered additional evidence, he must have evidence of the identity and value of the marital property to proceed.

■ The predicament is obvious. We need not, however, concern ourselves with whether the taking of additional testimony here was necessary or appropriate because appellant does not complain about the evidence that was adduced on the second remand relative to the value of the marital property, and the master stated he did not consider the evidence relative to a change in the financial status of appellee taken at the second hearing. So far as the chancellor is concerned it is assumed he, too, ignored this new evidence; we presume he knew the strictures of the law and followed them. *Olson v. Olson,* 64 Md.App. 154, 159, 494 A.2d 737 (1985); *Stern v. Stern,* 58 Md.App. 280, 300–01, 473 A.2d 56 (1984).

■ The numerous remands in this matter bear out the fact that the master did not perform his tasks appropriately. He sometimes did what was asked of him by the chancellor—but no more, and often not even that. While the

findings of the master were fragmented and torturously produced, they were not clearly erroneous. The chancellor had before him the transcripts and evidence when making his decision on the alimony amount. The master found, and the evidence supported the finding, that appellant's current income was about $51,000 per year and that of appellee $10,000 per year. The award of $450 per month as ultimately made by the chancellor was amply supported by the evidence and the facts as found by the master. *Wenger v. Wenger, supra.*

### Duration

■ Appellant raises one last point about alimony which gives us considerable cause for concern. He urges that the award was "clearly erroneous ... in terms of its indefiniteness as there were no facts anywhere in the record supporting the requirement of 11–106(c) of the Family Law Article ...." This section provides, *inter alia,* that

"[t]he court may award alimony for an indefinite period, if the court finds that:

(1) due to age, illness, infirmity, or disability, the party seeking alimony cannot reasonably be expected to make substantial progress toward becoming self-supporting; or

(2) even after the party seeking alimony will have made as much progress toward becoming self-supporting as can reasonably be expected, the respective standards of living of the parties will be unconscionably disparate."

Md.Fam.Law Code Ann., § 11–106(c)(1984).

The master made neither finding. Such findings would have been inconsistent with his recommendation that the alimony cease upon appellant's retirement and the onset of appellee's receipt of retirement benefits under the monetary award. The chancellor chose upon reviewing the recommendations, the evidence, and the exceptions to make a

different determination. He elected not to set a termination date, which in effect created indefinite alimony.[7]

Appellant complains that the facts do not support an award of indefinite alimony. We do not reach that contention because there is no finding against which we can test the facts or lack of facts as required under Md.Fam.Law Code Ann., § 11–106(c), *supra*. Under the circumstances, we remand to the chancellor for further proceedings in accordance with Rule 1071 to complete that fact-finding process. On remand, the chancellor must review the evidence, test it against the two different criteria set out in § 11–106(c), and if either standard is met, make the specific finding under which indefinite alimony could be awarded.

## MARITAL PROPERTY AND MONETARY AWARD

■ Appellant complains that appellee should not have been awarded fifty percent of the pension[8] because he, in effect, is being punished for voluntarily contributing sixty percent of his income to his family after the parties separated while choosing not to file for divorce until ten years later.[9] Appellant alleges that because he provided large sums to his family during the period when the pension value increased to its full date of divorce value, it was an abuse of discretion to grant appellee a fifty percent award.[10] This

---

7. When an indefinite award of alimony has been ordered, it will terminate under Md.Fam.Law Code Ann., § 11–108, *supra*, "(1) on the death of either party; (2) on the marriage of the recipient; or (3) if the court finds that termination is necessary to avoid a harsh and inequitable result," unless the parties agree otherwise. It may also be modified during the period under Md.Fam.Law Code Ann., § 11–107(b), *supra*.

8. See footnote 3, *infra*.

9. Since neither party contested the decision of the chancellor to grant a vested interest in the pension to appellee we need not decide that here. The question of whether a court is permitted under Maryland's Property Disposition in Divorce and Annulment Act to award a vested interest in a pension has not yet been decided.

10. Appellant never raised the issue that pursuant to the terms of the award, this value will continue to increase post divorce until retire-

argument would have more impact if the award had been a dollar judgment rather than an award granted on an "if and when paid" basis.

While appellant's acts may be admirable and should not be punished, the chancellor has broad discretion in setting an award. *Bangs v. Bangs*, 59 Md.App. 350, 475 A.2d 1214 (1984); *Cotter v. Cotter*, 58 Md.App. 529, 473 A.2d 970 (1984). Our review of the record does not disclose that he abused that discretion.

■ Since, however, the granting of a monetary award is a factor to be taken into consideration in setting alimony, we must likewise remand this matter to the chancellor to consider modification of this monetary award, if any, resulting from the determination on remand of the duration of alimony. While we might have merely affirmed the monetary award, given the fact that at one point in the process the master recommended that the duration of the alimony be tied to the monetary award, we conclude it is particularly appropriate to remand this award for further consideration.

## ATTORNEY'S FEES

Appellant contends that the issue of fees was not before the court because the master did not recommend the award and appellee never excepted to that omission. He concludes, therefore, that appellee waived her right to raise that issue before the chancellor.[11]

On the merits, appellant avers that the chancellor abused his discretion in awarding fees because appellee had previously received $30,000, representing her share of the pro-

---

ment. The chancellor did not apply the formula set out in *Bangs v. Bangs*, 59 Md.App. 350, 475 A.2d 1214 (1984), which would have limited the award to the value of the pension as of the date of divorce.

**11.** Appellee, on the other hand, alleges that counsel agreed to submit the matter to the chancellor rather than ask that the case be remanded again to the master. While this is not in the record, if it is so, appellant's argument of waiver seems highly questionable.

ceeds of the sale of the marital home, and thus had ample ability to pay her attorney.

The court has the authority to order payment of reasonable and necessary expenses including attorney's fees by one party to the other "[a]t any point in a proceeding . . . ." Md.Fam.Law Code Ann., § 11–110(b), *supra.* There was sufficient evidence of the services rendered by counsel and their cost. The chancellor awarded only $2,632.40 for services provided over this drawn out litigation. He did not abuse his discretion in doing so. While we might likewise remand the award of fees to determine any modification thereof based on any change in the monetary award, we see no scenario on remand that would increase appellee's funds to such an extent that she would be precluded from this award. In light of our holding on the alimony amount, appellee's assets cannot increase in this respect. Similarly, since she did not appeal the monetary award, she can receive no more on remand than that previously granted. The award of attorney's fees is therefore affirmed.

In summation,

1) The chancellor did not err in setting alimony at $450 per month;

2) The matter is remanded without affirmance or reversal for the chancellor to make a specific finding on whether appellee is entitled to indefinite alimony;

3) The chancellor did not abuse his discretion in awarding to appellee a fifty percent vested interest in appellant's pension. This award is not affirmed or reversed pending possible modification of it on remand relative to the duration of alimony; and

4) The chancellor did not abuse his discretion in awarding attorney's fees of $2,632.40 to appellee.

JUDGMENT AFFIRMED IN PART AND REMANDED IN PART WITHOUT AFFIRMANCE OR REVERSAL FOR

FURTHER PROCEEDINGS. COSTS TO BE DIVIDED EQUALLY.