650 A.2d 1374

**Gerald D. KOSINSKI**

v.

**Judy Ann EVANS.**

**No. 281, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Dec. 29, 1994.

Stuart L. Alison, Bel Air, for appellant.

Rhonda I. Framm, Baltimore, for appellee.

Argued before BISHOP, FISCHER and HOLLANDER, JJ.

FISCHER, Judge.

Gerald D. Kosinski appeals from an order of the Circuit Court for Anne Arundel County establishing child support and ordering payment of attorney's fees, arrearages, and medical expenses of the child.

Appellant presents the following questions for our review:

I.  Did the trial court err in passing an order dismissing the appellant's exceptions to the report and recommendation of the Master as being untimely filed?

II. Did the trial court err in passing an order for child support, attorney's fees and related relief when the Master's report and recommendation contained insufficient findings of first level facts to permit the court to exercise its independent judgment concerning the proper conclusion to be reached from the Master's fact finding?

## Facts

Grace Kosinski was born on July 7, 1989, to appellant and appellee, Judy Evans. Appellee filed a complaint for child support against appellant for the support of their daughter on January 22, 1993. The matter was brought before the Master in Chancery for a hearing on September 7, 1993. After testimony of appellee and appellant, the Master made findings of facts and a recommendation, which were filed in the circuit court.

The Master recommended that appellant be required to pay child support of $184.45 per week to appellee beginning on the date of filing, January 22, 1993, and that appellant also pay $46 per week toward any arrearages. Last, the Master's recommendations provided that appellant pay $2,500 of the attorney's fees of appellee. The only finding of fact released by the Master was a worksheet that detailed the income of both appellee and appellant. The Master did not record any basis for awarding appellee a portion of her attorney's fees.

The Master's recommendations were mailed to appellant and appellee on Monday, September 13, 1993. Appellant's exceptions to the Master's recommendations were received by and filed in the circuit court on September 23, 1993. Appellee filed a motion to dismiss appellant's exceptions. On November 15, 1993, the circuit court dismissed appellant's exceptions as not having been timely filed. The circuit court signed an order adopting the Master's recommendations on December 2, 1993.

## I.

Appellant contends that the circuit court erred in dismissing his objections to the report and recommendations of the Master as being untimely filed. The circuit court determined that appellant's filing of his exceptions violated Rule S74A(d), which requires that exceptions to the Master's recommendations must be filed with the court clerk within five days of the service of the recommendations on the parties. Under Maryland Rule 2–541(g)(2), if exceptions are not filed properly, the circuit court can direct entry of an order consistent with the recommendations of the Master. If appellant did not make a timely filing of his exceptions, his right to file exceptions is waived. *Dobrow v. Dobrow,* 50 Md.App. 465, 439 A.2d 596 (1982). Maryland Rule 1–203 governs the computation of time under Maryland statutes. If service of notice is made by mail, the party required to act within a prescribed period is granted an additional three days to act. Maryland Rule 1–203(d). The Master's recommendations were issued on Monday, September 13, 1993. As service on appellant was accomplished

through the mail, appellant is not charged with receipt of the recommendations until Thursday, September 16, 1993. The computation of appellant's five day time limit to file his exceptions did not begin until Friday, September 17, 1993.

Under Maryland Rule 1–203(a), any time period prescribed by the Maryland Rules that is less than seven days does not count Saturdays, Sundays or legal holidays within the period. As appellant was required to file his exceptions within five days of his receipt of the Master's recommendations, Saturday, September 18, and Sunday, September 19, would not be counted under the statute. Appellant's final day to file the exceptions would be Thursday, September 23, 1993. Appellant did file his exceptions on that day, and the circuit court erred in dismissing appellant's exceptions as not timely filed.

Appellee argues that the three additional days appellant is granted because the filing is made by mail should be added to the five days that Rule S74A(d) affords appellant to file his exceptions to the Master's recommendations. The additional three days would change the time period to eight days. Under Maryland Rule 1–203(a), the eight day period would include Saturdays, Sundays, and legal holidays. Under this method of computation, the last date for the filing of exceptions would be September 21, 1993. Appellant would have missed the deadline for filing his exceptions by two days.

■ This Court finds the calculation of the statutory filing period that results in appellant making a timely filing to be a more reasonable approach. The additional three days afforded appellant because the filing was done by mail should not be aggregated with the five day period for filing exceptions. The three days the statute gives for filings done by mail is a recognition of time that the mail system needs to function. This additional time is not intended to change the five day period for filing exceptions; instead, it is a directive for what date to begin the computation of the five day period.

## II.

In addition, appellant argues that the circuit court erred in passing its order based on the Master's recommendations

when the Master did not make a sufficient finding of first level facts. Appellant contends the failure of the Master to find sufficient first level facts prevented the circuit court from exercising its independent judgment in deciding this case. This Court held in *Dobrow* that the circuit court cannot affirm the Master's recommendations without reviewing the underlying facts for his recommendations. *Dobrow,* 50 Md.App. 465, 471, 439 A.2d 596 (1982). In *Dobrow,* the Master made a recommendation for reduction of alimony payments without making a written report of findings of fact and the Chancellor in the circuit court adopted the recommendation of the Master. *Dobrow,* 50 Md.App. at 467–468, 439 A.2d 596. This Court determined that, without written findings of fact that the circuit court can use to review the Master's recommendation, a decision of the circuit court would be a miscarriage of justice. *Dobrow,* 50 Md.App. at 469, 439 A.2d 596.

In this case, the Master concluded that appellant must pay $184.45 per week in child support and $2,500 of appellee's attorney's fees. The Master did not provide written facts that supported this award of child support. The sole support for the Master's findings was a worksheet, which detailed the monthly incomes of each party. The Master did not supply an explanation of how he reached these figures. For example, the Master "imputed" income in the amount of $1,733.33 per month to appellant for work accomplished by appellant on his own residence. In addition, the Master "imputed" income on rental of a vacant apartment. Clearly the trial judge would need factual findings and an explanation as to why the Master found that improvements to appellant's home and non-existent rent from a vacant apartment should be considered as income from which appellant could pay child support. Likewise, the order for appellant to pay a portion of appellee's attorney's fees is accompanied by no supporting facts or explanation. Without supporting facts, the Chancellor cannot properly exercise the independent review that he is required to perform. We wish to make clear, however, that, in the absence of a dispute concerning the amount of earnings, a computation of

child support by the Master in accordance with the guidelines is sufficient.

## Conclusion

The circuit court erred in dismissing appellant's exceptions to the report and recommendation of the Master. Appellant did file his exceptions within the time constraints of the Maryland Rules; therefore, the circuit court should have reviewed the exceptions and exercised its independent judgment.

**JUDGMENT VACATED.**

**REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**