REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND


No. 156

September Term, 2013

_____


IN RE: TAVON T.


_____


Meredith,
Kehoe,
Kenney, James A., III
 (Retired, Specially Assigned),

JJ.

_____

Opinion by Kenney, J.

_____


Filed: October 6, 2014

On November 9, 2010, the Circuit Court for Wicomico County, sitting as a juvenile court, found appellant, Tavon T., involved in theft under $100. On January 6, 2011, the court adopted the Master's recommendations and placed appellant on probation supervised by the Department of Juvenile Services ("DJS") with specific terms and conditions. For approximately two years the disposition remained the same.

At a review hearing on March 5, 2013, DJS requested that appellant's commitment be terminated and that his case be closed unsuccessfully. The Master agreed, finding that "the Respondent no longer requires the Court's guidance, treatment, and rehabilitation" and "recommend[ed] rescinding his commitment and closing the case unsuccessfully, terminating the Court's jurisdiction and sealing the file." The Master's formal findings of fact and recommendations, filed on March 7, 2013, were, as follows:

> This matter was called for a review hearing. After consideration of all the evidence, proffers and argument presented at the hearing, modification to the existing Court-Ordered disposition is recommended at this time. Respondent's updated school records and mental health records were submitted in Court on March 5, 2013. He attends mental health treatment at the Wicomico County Health Department but the report shows that he is not compliant with their recommendations.
>
> Respondent is 18 years old and has been under supervision since December 2010. He completed anger management, has never had a positive urinalysis, and owes no restitution. Currently, Respondent has 23 unexcused absences in school. Respondent's mental health treatment is not a condition of his STAYED commitment; rather it is because his guardian felt he needed it. The Department of Juvenile Services requested that this case be unsuccessfully terminated. They feel that they have exhausted all resources and can no longer provide any for Respondent. The Court agrees. It is recommended Respondent's commitment be rescinded and that his case be unsuccessfully terminated.
>
> Respondent no longer requires the Court's guidance, treatment, and

rehabilitation.

On March 20, 2013, the court denied the Master's recommendations, scheduled a hearing before another circuit court judge, with a notation "make mental health [treatment] a condition of [appellant's] supervision." Appellant filed a timely appeal and presents two questions for review:

1.  Did the court err in failing to timely deny the Master's findings of fact and recommendations, as required by Rule 11-111(d)?

2.  Did the court err in remanding the case to a Master for further hearing when such action is not permitted by § 3-807 of the Maryland Code (2002 Repl. Vol.), Court and Judicial Proceedings Article?

We conclude that the court did not err in either instance and shall affirm the judgment of the circuit court.

**BACKGROUND**

Because the adjudication and disposition hearings are not relevant to our review, we need only to discuss the March 5, 2013 review hearing and the events that followed. *See Washington v. State*, 180 Md. App. 458, 461 n.2 (2008) ("Appellant has not challenged evidentiary sufficiency. Therefore, we recite only the portions of the trial evidence necessary to provide a context for our discussion of the issues presented.") (internal citations omitted).

At the March 5, 2013 review hearing, the State's Attorney summarized the history of appellant's case, as follows:

> [Appellant] was initially placed on probation in this case in December 2010 for a charge of theft misdemeanor. He was found in violation and ultimately committed to the Department and placed at Oak Hill House in

September of 2011.  [Appellant] successfully completed that program in August 2012.  When he returned to the community he was reenrolled in school, he was referred for mental health services, which he attends [at] the Health Department.  FFT[1] was referred for the family, which they successfully completed.

[Appellant's] last charge was July of 2011.  He has no new charges since returning home.  He is 18 years of age.  He owes no restitution.

Updated documentation of appellant's school and mental health treatment was admitted into evidence.  In asking the court to terminate appellant's case unsuccessfully, DJS pointed out that appellant was 18 years old; he had been under the department's supervision for over two years; had successfully completed anger management; and had access to mental health treatment and anger management counseling independent of DJS, through his health insurance.  Appellant's attorney agreed with the recommendation to terminate the court's jurisdiction and close out the case.

The Master's findings and recommendations were filed on March 7, 2013.  That same day, copies of the Master's Report and Recommendations, Proposed Order for Final Termination, and a Notice of Right to File Exceptions were delivered to the Office of the State's Attorney, DJS, and appellant's attorney in their courthouse mailboxes and sent to appellant's mother by regular U.S. Mail.  No exceptions were filed and on March 20, 2013, a judge denied the Master's recommendation and noted: "Assignment set hearing. LJS –

---

[1] FFT is an abbreviation for Family Functional Therapy.

3

make mental health a condition of his supervision."[2]

## DISCUSSION

### I.

Appellant argues that the court "summarily denied [the Master's] proposed termination order six days after the rule's deadline." Accordingly, appellant contends, the "order must [ ] be vacated, with instruction to enter as judgment the proposed termination order." The State responds that the court's denial of the proposed termination order was timely because appellant's guardian was served by U.S. Mail, and therefore, had three additional days to file exceptions. The State further argues that, even if the court's action was not timely, entering the Master's proposed termination order as a judgment is not the proper remedy.

We are persuaded that the court's denial of the proposed termination order was timely. Maryland Rule 11-111(c) provides, in pertinent part:

> Any party may file exceptions to the master's proposed findings, conclusions, recommendations or proposed orders. Exceptions shall be in writing, filed with the clerk within five days after the master's report is served upon the party, and shall specify those items to which the party excepts, and whether the hearing is to be de novo or on the record.

Maryland Rule 1-203 dictates the rules for computing time and determining filing deadlines and provides, in pertinent part:

---

[2] It is hard to tell from the handwriting whether the "m" in "make" is capitalized, but we believe it is a lowercase "m."

(a) Computation of Time After an Act, Event, or Default. In computing any period of time prescribed by these rules, by rule or order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not included. If the period of time allowed is more than seven days, intermediate Saturdays, Sundays, and holidays are counted; but if the period of time allowed is seven days or less, intermediate Saturdays, Sundays, and holidays are not counted. The last day of the period so computed is included unless:

> (1) it is a Saturday, Sunday, or holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or holiday; or

> (2) the act to be done is the filing of a paper in court and the office of the clerk of that court on the last day of the period is not open, or is closed for a part of the day, in which event the period runs until the end of the next day that is not a Saturday, Sunday, holiday, or a day on which the office is not open during its regular hours.

* * *

(c) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after service upon the party of a notice or other paper and service is made by mail, three days shall be added to the prescribed period.

Maryland caselaw varies on when the three days for mail service are aggregated with the prescribed period and the application of the weekend/holiday provisions of Rule 1-203. In *Prince George's County Department of Social Services v. Knight*, 158 Md. App. 130, 141 (2004), we aggregated the three days for service to the 60 day prescribed period for a total of 63 days to take the required action. But, aggregating the days in that instance would not alter whether weekends and holidays were included in the response time because the response time of 60 days exceeded the seven-day period for counting weekends and holidays

5

under the rule. In *Kosinki v. Evans*, 102 Md. App. 595, 597-98 (1996), when the prescribed period was fewer than seven days, we explained that the total number of days is not aggregated– that is, a period of five days in which the three-day period applies is not eight days, but one period of three days and another period of five days. *Id.*

The Maryland Rules Commentary takes the view that only after the calculation of the weekend/holiday period under1-203(a), is the three-day period added. Paul V. Niemeyer & Linda M. Schuett, *Maryland Rules Commentary* 22-23 (3d ed. 2003). The Commentary gives the following example: If the response date after a 15-day period falls on a Saturday, the response is due the following weekday that is not a holiday or a day on which the clerk's office is not open for any portion of the day. If that day is Monday and the motion was served by mail, three days are then added, making the response day Thursday—the three-day period is not added counting from Saturday, but Monday. *Id.* at 22.

In line with *Kosinki*, we will not aggregate the days for service with the prescribed period. We turn now to whether the three days for mail service includes weekends and holidays, and then whether the three days are added before or after the prescribed period.

There is little direct guidance in Maryland caselaw about whether the three day service by mail period includes weekends and holidays. Therefore, we look to the federal analogue to Maryland Rule 1-203(c), Rule 6(e) of the Federal Rules of Civil Procedure. Maryland Rule 1-203(c) is derived from the 1971 version of Rule 6(e) of the Federal Rules of Civil

6

Procedure,[3] and was adopted in 1984. *Chance v. Washington Metro. Area Transit Auth.*, 173 Md.App. 645, 657 (2007). Before 2005, the federal authority addressing the issue that existed largely held that the three days were to be treated as calendar days but the last day could not fall on a weekend or legal holiday.[4] *See, e.g. Golden Nugget, Inc. v. Chesapeake Bay Fishing Co.*, 232 F.Supp.2d 631, 635 (2002) ("[b]ecause July 28, 2002, was a Sunday, the three-day period is considered to end on Monday, July 29, 2002."). In, *Faggins v. Fischer*, 853 A.2d 132, 138 (D.C. 2004) (per curiam), however, the Court held that the three-day period only included business days.

In 2005, the Advisory Committee of the Federal Rules of Civil Procedure offered clarification in counting the three-day service by mail period. Fed. R. Civ. P. 6(e), Committee Notes on Rules– 2005 Amendments. The Committee sided with the majority interpretation, viewing the three days as calendar days, but if the third day of the period fell on a weekend or legal holiday, the final day to act should be the next day that is not a weekend or a legal holiday. *Id.*

Therefore, we will consider the three-day period to include weekends and holidays. But, if the three-day period ends on a weekend or legal holiday, the final day is the next day that is not a weekend, legal holiday, or a day on which the court is not open during its regular

---

[3] Fed. R. Civ. P. 6(e) became Rule 6(d) in 2007.

[4] Michael E. Roseman, *Counting Down the Days Gone By: A Eulogy for Former Rule 6(a)(2)*, 159 U. Pa. L. Rev. 635, 640 (2011).

hours.  To do so also eliminates the question of whether the three day period should be added before or after the prescribed period because the final day for filing in this case will be the same.  Here, if the five-day prescribed period is calculated first, eliminating the intervening Saturday and Sunday, the period begins Friday 3/8, includes Monday 3/11, Tuesday 3/12, Wednesday 3/13, and ends Thursday 3/14.  The three days for mail service begins on Friday 3/15 and ends on Sunday 3/17.  Because the period cannot end on a weekend, the final day for exceptions to be filed is Monday 3/18.  If we were to add the three days for mail service before application of the five-day period to file exceptions, the three-day period would start on Friday 3/8 and end on Sunday 3/10.  The final day would then be Monday 3/11, and the five-day prescribed period would include: Tuesday 3/12, Wednesday 3/13, Thursday 3/14, Friday 3/15, and Monday 3/18.  Either way, the final day to respond was Monday, March 18, 2013.

We turn next to Rule 11-111(d), which governs the actions by the court when, as in this case, no exceptions are filed.  The rule provides, in pertinent part: "Action by the court under this section shall be taken within two days after the expiration of the time for filing exceptions."  Accordingly, the court was required to take action within two days, *i.e.* by Wednesday, March 20, 2013, which it did.  The court's decision was, therefore, timely, and there is no need to address the State's argument related to the remedy for a late action by the court.

**II.**

8

Appellant argues that by giving a specific instruction to make mental health a condition of his supervision, "the court ruled on the disposition of [his] case without any factual inquiry and without any opportunity for [him] to be heard." He contends that the order denying the master's recommendation must be vacated because there is no authority for such "summary action" and that the "summary action violates the very purpose of having the court review a master's proposals before entering judgment on the matter."[5] The State responds that the judge's actions were permitted under Rule 11-111(d) and that the court "did not summarily enter conditions on [appellant's] supervision; rather, a second circuit court judge reviewed the master's report and conducted its own hearing before entering judgment in this case."

Maryland Rule 11-111(d) provides, in pertinent part: "The court may remand the case to the master for further hearing, or may, on its own motion, schedule and conduct a further hearing supplemented by such additional evidence as the court considers relevant and to which the parties raise no objection."

Appellant is correct that no statute or rule expressly permits the court to make a recommendation or suggestion when remanding the case to the master or scheduling a further hearing before a judge. There is, on the other hand, no statute or rule that would prohibit the

---

[5] On February 6, 2014, appellant filed an errata with this Court indicating that at the time of the court's order, "the Governor had elevated the master in question to the Circuit Court bench for Wicomico County." As a result, appellant requested that the first two paragraphs on page ten of his brief be stricken from his brief, which leaves a single paragraph remaining.

court from doing so. Moreover, "mak[ing] mental health a condition of [appellant's] supervision[,]" was not reduced to a judgment by a court order until after the subsequent court hearing on April 15, 2013. In sum, there was no summary action changing any conditions of appellant's probation. Again, we perceive no error.

                                        **JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**