573 A.2d 409

**Richard P. STACH**

v.

**Linda J. STACH.**

**No. 1643, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

May 10, 1990.

Harold H. Burns, Jr. (Maureen F. Mackey, on the brief), Baltimore, for appellant.

Jeffrey Tapper, Owings Mills, for appellee.

Argued before ROSALYN B. BELL, KARWACKI and WENNER, JJ.

WENNER, Judge.

This is an appeal by Richard P. Stach, appellant, from an immediate order entered by the Circuit Court for Baltimore County, incorporating the report of a Standing Master of that court recommending that the temporary physical custody of the parties' children be awarded to the appellee, Linda J. Stach. The immediate order entered by the circuit court also granted the appellant pendente lite visitation with the children and ordered him to pay for their support.

Upon appeal appellant contends that:

I. When exceptions to a Master's Report and Recommendation are properly taken, the circuit court cannot enter an immediate order implementing a master's recommendation that the custody of the parties' children be changed.

II. If the circuit court, under the circumstances in the case *sub judice,* can enter an immediate order changing the custody of children, such an order is

unconstitutional because it improperly vests the judicial power and function in a master;

III. If the circuit court, under the circumstances in the case *sub judice,* can enter an immediate order changing the custody of children, such an order is unconstitutional because it violates appellant's due process rights.

We need not reach appellant's second and third contentions, because we agree that the circuit court had no authority to enter an immediate order under the circumstances with which we are here presented.

■ At the outset, we reject appellee's contention that this appeal is not properly before us. The immediate order which was entered by the circuit court deprived appellant of the physical custody of his children. An order which deprives one of the custody of his or her children is an appealable interlocutory order pursuant to Md.Cts. & Jud. Proc.Code Ann. § 12–303(3)(x) (1989).[1] Therefore, we shall deny appellee's motion to dismiss this appeal and her request for the imposition of sanctions.

## Facts

The parties were married to one another in October, 1983. Two children were born of their marriage. On account of continuing marital discord, the appellee ultimately filed in the Circuit Court for Baltimore County a Supplemental Complaint for an Absolute Divorce, and for the custody and support of their children. After initially filing a counter-

---

**1.** Section 12–303(3) provides in pertinent part:
"A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:
\* \* \* \* \* \*
(3) An Order:
\* \* \* \* \* \*
(x) Depriving a parent, grandparent, or natural guardian of the care and custody of his child, or changing the terms of such an order."
Appellant, in his brief, mistakenly referred to this subsection of the code as Md.Cts. & Jud.Proc.Code Ann. § 12–303(x) (1989).

claim for a Limited Divorce, the appellant filed a counter-claim for an Absolute Divorce in which he sought the custody of the children and an order requiring the appellee to contribute to their support. The circuit court referred the matter to one of its standing masters for a report and recommendation concerning pendente lite custody, child support, and visitation.

On September 26, 1989, a hearing was held before the master. Later that day, the master delivered to the parties and filed with the circuit court his written report and recommendations. The master recommended that temporary legal custody of the children be awarded jointly to the parties, but that their temporary physical custody be awarded to the appellee. The master also recommended that the appellant be granted visitation with the children, and that appellant be required to contribute to their support. Appellant timely filed exceptions to the Master's Report and Recommendations and requested a hearing on the exceptions. Prior to the hearing, pursuant to a motion by the appellee, the circuit court entered an immediate order implementing all of the master's recommendations. At the same time, the circuit court denied appellant's motion opposing the entry of the immediate order and, subsequently, the circuit court denied appellant's motion for reconsideration. This appeal followed.

### Discussion

In Maryland, it is beyond cavil that a circuit court has the authority to award custody of children pendente lite. Md. Family Law Code Ann. § 1–201. It is also beyond cavil that in those circuits that employ standing masters, a dispute involving the custody of children pendente lite may be referred to the master for a hearing and for a report and recommendation concerning custody. Rule 2–541(b)(2). After the hearing, the master is required to notify the parties of his or her recommendations. Any party intending to file exceptions to the master's recommendations is required to file with the master a copy of his or her intent to do so.

When a notice of intent to file exceptions has been timely filed with the master, the master is required to file a written report with his or her recommendations to the court. Rule 2–541(f)(1). Subject to a later determination by the court on the exceptions, entry of an order implementing the recommendations of the master is governed by Rule 2–541(g). Rule 2–541(g)(2) provides for the entry by the court of an immediate order under certain circumstances. The question with which we are faced upon this appeal is whether, when a notice of exceptions has been timely filed, the court may enter an immediate order implementing a recommendation by the master that pendente lite custody of children be awarded to the adverse party. We turn, then, to an examination of the Rule and observe, as we begin, that the Rule contains no explicit authority for entry by the court of an immediate order under the circumstances presently before us.

The Court of Appeals has repeatedly said that when interpreting a rule the same standards and principles apply as those utilized in interpreting a statute. *State v. Romulus,* 315 Md. 526, 555 A.2d 494 (1989). *In re Leslie M.,* 305 Md. 477, 505 A.2d 504 (1986). Therefore, "[t]he cardinal rule in the interpretation of [rules] is to effectuate the real and actual intention of the [Court of Appeals]." *Potter v. Bethesda Fire Department,* 309 Md. 347, 352, 524 A.2d 61 (1987) (*quoting State v. Fabritz,* 276 Md. 416, 421, 348 A.2d 275 (1975), *cert. denied,* 425 U.S. 942, 96 S.Ct. 1680, 48 L.Ed.2d 185 (1976)).

Of course, a [rule] should be construed according to the ordinary and natural import of its language, since it is the language of the [rule] which constitutes the primary source for determining the [enacting body's] intent. Thus, where [a rule's] language is plain and free from ambiguity and expresses a definite and sensible meaning, courts are not at liberty to disregard the natural import of words with a view towards making the [rule] express an intention which is different from its plain meaning.

*Id.* at 353 (citations omitted). We are mindful as we begin our analysis that the Court of Appeals has frequently pointed out that the Rules are not guides to the practice of law but precise rubrics established to promote the orderly and efficient administration of justice. *Countess v. State,* 286 Md. 444, 463, 408 A.2d 1302 (1979) (*quoting Brown v. Fraley,* 222 Md. 480, 483, 161 A.2d 128 (1960)). We turn now to the language of Maryland Rule 2–541.

As we have already pointed out, this matter was referred to a master for a hearing on the issues of custody, support, and visitation of children pendente lite. Maryland Rule 2–541(b)(2). As we have also said, appellant timely filed exceptions to the master's recommendations. Under these circumstances, the authority of the circuit court to enter an immediate order based upon the master's recommendations is very limited. Specifically Rule 2–541(g)(1) details the procedures regarding the entry of such an order:

> *Generally.*—Subject to subsections (2) and (3) of this section, the proposed order or judgment shall not be entered until the expiration of the time for filing exceptions. If exceptions are not timely filed, the court may enter the order as recommended.

In that regard, Subsection (2) prescribes the circumstances under which an immediate order can be entered when exceptions are timely filed:

> *Immediate Orders.*—Subject to a later determination by the court on any exceptions, the order proposed by the master
>
>> (A) shall be entered by the court immediately (i) for the award pendente lite of alimony; for a preliminary or pendente lite award of the possession or use of the family home or family-use personal property; or, when no change in custody is recommended, for the award of monetary child support; and in each case accounting from the date recommended by the master; or (ii) for the grant or denial of a stay of an earnings withholding order or for the alteration of the amount of the earnings withholding; and

(B) may be entered by the court immediately allowing visitation of minor children pendente lite or modifying an existing order or judgment as to child visitation.

It is clear, then, from a literal reading of the rule that orders other than those specifically enumerated may not be entered until after a hearing has been held on any timely filed exceptions.[2]

We also point out that, even when the language of a rule is clear, we are not precluded from considering other external evidence that "fairly bears on the fundamental issue of legislative purpose or goal." *Kaczorowski v. City of Baltimore*, 309 Md. 505, 514, 525 A.2d 628 (1987). Our review of the legislative history surrounding the adoption of the predecessor to Rule 2–541(g)(2) reveals that the authority of the circuit court to enter an immediate order awarding custody pendente lite, upon the recommendation of a master, was included in an earlier draft[3] of the Rule, but was deleted prior to its adoption by the Court of Appeals.[4] We find this legislative history to be persuasive evidence that the Court of Appeals did not intend to grant a circuit court

---

2. We are aware, of course, that Rule 2–541(g)(2)(A)(i) permits a circuit court to enter pendente lite, upon the recommendation of a master, an immediate order awarding the use and possession of the family home or family use personal property. Although that provision appears at least to infer that a circuit court may also have the authority, upon the recommendation of a master, to enter an immediate order of custody, even when exceptions have been timely filed and remain unheard, we nevertheless conclude that the rule confers no such authority.

3. Letter from Lawrence F. Rodowsky, Esq., member, Standing Committee on Rules of Practice and Procedure, to Hon. John F. McAuliffe, Herbert Myerberg, Esq., Prof. Robert R. Bowie, and Frank DeCosta, Jr., Esq., (Sept. 9, 1975) (containing latest draft of the proposed rule with respect to Masters, granting authority to the court to enter an immediate order awarding pendente lite custody of children based upon a master's recommendation).

4. Submission to the Court of Appeals by the Hon. Kenneth C. Proctor, Chairman, Standing Committee on Rules of Practice and Procedure, of the Fifty–Eighth Report of the Standing Committee on Rules of Practice and Procedure (January 11, 1977) (containing proposed rule with respect to Masters).

authority to enter pendente lite, upon the recommendation of a master, an immediate order awarding the custody of children to the adverse party when exceptions to the master's recommendation have been timely filed and remain unheard. *See also* letter from the Hon. David L. Cahoon, Associate Judge, Sixth Judicial Circuit of Maryland, to George B. Gifford, Esq., Reporter to the Rules Committee, (April 26, 1977) (reporting a vote by all of the Circuit Court Judges for Montgomery County, Maryland, pointing out to the [Rules] Committee a perceived conflict in the draft of the predecessor to Rule 2–541 in that an immediate order of child support could be passed even though custody is delayed).

Accordingly, we hold that a circuit court is without authority to pass an immediate order awarding custody of children pendente lite, upon the recommendation of a master, when exceptions to the master's recommendations have been timely filed and a hearing on those exceptions has been requested and has not been held.

Our decision today, however, in no way affects our recent decision in *Magness v. Magness*, 79 Md.App. 668, 558 A.2d 807 (1989), *cert. granted*, 317 Md. 440, 564 A.2d 784 (1989), where we approved the granting of an ex parte order awarding custody of children to their mother pending a pendente lite hearing. In *Magness*, after hearing ex parte from the mother, the circuit court determined that a possible emergency existed and awarded her custody of the children.[5] We concluded that "not to sign the order ... could have resulted in the continuance of the threatening behavior aimed at appellee, with potentially tragic results." *Id.* 79 Md.App. at 681, 558 A.2d 807. In the case *sub judice*, so far as we can tell, there was no allegation that an emergency existed. Consequently, we are not faced with a situation similar to that which we addressed in *Magness*. Moreover, in *Magness*, it will be recalled, the issue was submitted to a judge rather than to a master.

---

5. Other provisions were also included in the ex parte order.

MOTION TO DISMISS AND FOR SANCTIONS DE-
NIED.  JUDGMENT REVERSED.

COSTS TO BE PAID BY THE APPELLEE.