683 A.2d 1124

James E. MORALES

v.

Dorothy L. MORALES.

No. 1006, Sept. Term, 1996.

Court of Special Appeals of Maryland.

Oct. 29, 1996.

David S. Coaxum (Stephen A. Friedman and Joseph, Green-
wald and Laake, P.A., on the brief), Greenbelt, for appellant.

Robert S. Crum, Prince Frederick, for appellee.

Argued before FISCHER, HOLLANDER and EYLER, JJ.

EYLER, Judge.

This expedited appeal presents the narrow issue of when a party's time for filing exceptions to a master's recommendations under Rule S74Ad. begins to run. Appellant argues that when a party has been given notice of the master's recommendations, both orally at the end of the hearing and in writing thereafter, the time for filing exceptions begins to run from the service of the written notice. Appellant contends that, under his reading of Rule S74Ad., the circuit court erred in dismissing his exceptions for untimeliness. Finding no error, we affirm the judgment.

As required by Rule 8–207, which governs expedited appeals, the parties have proceeded on an agreed statement of the case and facts as follows. On April 2, 1996, the parties appeared before a master for domestic relations in the Circuit Court for St. Mary's County for trial on the issues of divorce, custody, child support, and visitation. At the conclusion of the trial, the master orally delivered findings of facts and recommendations, on the record and in the presence of parties and counsel. On April 23, 1996, the master filed a written report and recommendations, and certified that the written report was mailed to the parties on the same date. The written report and recommendations were consistent with the master's oral recommendations. On April 29, 1996, appellant filed exceptions to the master's written report and recommendations. On May 10, 1996, appellee filed a motion to dismiss the exceptions. On May 15, 1996, prior to the expiration of appellant's time for responding to appellee's motion to dismiss, the circuit court granted appellee's motion and entered an order dismissing appellant's exceptions. Although not contained within the joint statement of the case, the parties agree, and indeed this appeal is premised upon the agreement, that the exceptions were dismissed for untimeliness. On May 21, 1996, after the issuance of the order of dismissal, appellant

filed a response to appellee's motion to dismiss. This timely appeal followed.

Rule S74A provides for the referral of domestic relations matters to a master and sets forth procedures relating to the issuance of the master's recommendations and the filing of exceptions in domestic relations cases. Under this Rule, all domestic relations cases in the Seventh Judicial Circuit, which includes the Circuit Court for St. Mary's County, are referred to masters as a matter of course. This rule was adopted in 1991 for the purpose of streamlining and expediting the procedures for filing exceptions in domestic relations cases in an effort to address the issues regarding Rule 2–541 raised in *Stach v. Stach,* 83 Md.App. 36, 573 A.2d 409 (1990). *See* Reporter's Note to Rule S74A, Md. Reg., Vol. 18, Issue 6 (Friday, March 22, 1991), at 678–79 (hereinafter "Reporter's Note, at ——").

Prior to the adoption of Rule S74A, Rule 2–541 governed the filing of exceptions in all matters before masters, including domestic relations matters. Under Rule 2–541, as it existed then and now, a master is required to notify the parties of the proposed recommendations either orally at the conclusion of the hearing or thereafter by written notice served pursuant to Rule 1–321. Within five days of the oral or written notice, a party intending to file exceptions must file a notice of intent to file exceptions. If a notice of intent is filed, or if the circuit court so orders, the master must file a written report within 30 days. Exceptions may then be filed within 10 days of the filing of the master's report. A failure to file timely exceptions constitutes a waiver.

Prior to adoption of Rule S74A and the concurrent amendment of Rule 2–541, Rule 2–541 also provided for the immediate entry by the circuit court of the master's proposed orders regarding certain *pendente lite* relief in domestic relations cases. Former Rule 2–541(g) provided immediate interim relief on issues such as *pendente lite* support and visitation pending the filing and consideration of exceptions. The problems inherent in Rule 2–541(g) became apparent for the first

time in *Stach, supra.* In that case, we reversed the immediate entry of a master's proposed order regarding the temporary award of child custody and held that, when exceptions had been timely filed and a hearing requested, an order implementing the master's recommendations could not be entered prior to a hearing on the exceptions. We held that Rule 2–541(g) did not expressly authorize the immediate entry of orders regarding child custody. Consequently, we did not reach the constitutional issues raised by the appellant in that case, *i.e.,* whether entry of such an order constituted an unlawful delegation of judicial power and a denial of due process. 83 Md.App. at 37–38, 573 A.2d 409. Nevertheless, *Stach* alerted the Court of Appeals to the "constitutional infirmities that may lurk beneath the surface of Rule 2–541," and prompted it to refer the issue to the Rules Committee. Reporter's Note, at 678–79. The version of Rule S74A ultimately adopted by the Court of Appeals provides a delicate balance between the need for expediency in domestic cases and the rights of domestic litigants to receive due process of law.

Rule S74A shortens the process for filing exceptions in domestic relations cases from the over forty day, two step process under Rule 2–541 to an, at most, thirteen day, one step process. Specifically, Rule S74Ac. provides that "the master shall notify each party of the master's recommendations, either on the record at the conclusion of the hearing or by written notice served pursuant to Rule 1–321." Further, any written notice is required to issue within three days of the date of hearing. Rule S74Ad. provides that "[w]ithin five days after recommendations are placed on the record or served pursuant to section c of this Rule, a party may file exceptions with the clerk." [1]

---

1. If notice is written, rather than oral, it issues no more than three days after the hearing. If served by first class mail, the parties are deemed to have received the notice three days later. *Kosinski v. Evans,* 102 Md.App. 595, 597–98, 650 A.2d 1374 (1994) (discussing Rule 1–203(d)). The parties then have five days, excluding intervening weekends and

As appellant notes, this appeal turns wholly on the interpretation of Rule S74A and not on any factual findings. Accordingly, we review the record to determine whether the circuit court erred in its interpretation of Rule S74A. *Jensen v. Jensen*, 103 Md.App. 678, 686–87, 654 A.2d 914 (1995) (citing *Rohrbaugh v. Estate of Stern*, 305 Md. 443, 446 n. 2, 505 A.2d 113 (1986)).

■ "[W]hen interpreting a rule the same standards and principles apply as those utilized in interpreting a statute." *Stach*, 83 Md.App. at 40, 573 A.2d 409. Accordingly, in interpreting Rule S74A, we must "effectuate the real and actual intention of the Court of Appeals." *Id.* (quoting *Potter v. Bethesda Fire Department*, 309 Md. 347, 352, 524 A.2d 61 (1987)) (quoting *State v. Fabritz*, 276 Md. 416, 421, 348 A.2d 275 (1975), *cert. denied*, 425 U.S. 942, 96 S.Ct. 1680, 48 L.Ed.2d 185 (1976)). As appellant correctly notes, we generally must construe a rule in accordance with the plain meaning of its language. *Stach*, 83 Md.App. at 40–41, 573 A.2d 409 (quoting *Potter*, 309 Md. at 353, 524 A.2d 61).

■ Appellant argues that in the instant case recommendations were served both orally and in writing and that, under the plain meaning of Rule S74Ad., the time for filing exceptions runs from either the date of oral service or the date of written service, whichever is later. Appellant is incorrect because S74Ad. keys the running of time for filing exceptions to the issue of notice.[2] Specifically, S74Ac. and d. provide in pertinent part as follows:

---

holidays (usually two additional days) to file their exceptions for a total of thirteen days. *Id.* at 598, 650 A.2d 1374 (discussing Rule 1–203(a)).

**2.** As an aside, we note that the concept of service, as provided in the Maryland Rules, does not include "oral service". Instead, the rules refer exclusively to the service of papers. The primary function of service is to put parties on notice of the proceedings so that they may be afforded the opportunity to respond. *See Mooring v. Kaufman*, 297 Md. 342, 354–55, 466 A.2d 872 (1983); *North v. Town Real Estate Corp.*, 191 Md. 212, 217, 60 A.2d 665 (1948); *Steed Mortgage Co. v. Arthur*, 37 Md.App. 592, 603, 378 A.2d 690 (1977). *Cf. Rethorst v. Rethorst*, 214 Md. 1, 16, 133 A.2d 101 (1957) (noting that notice is an essential of

c. . . . The master *shall notify* each party of the master's recommendations, *either on the record* at the conclusion of the hearing *or by written notice* served pursuant to Rule 1–321. . . .

d. Within five days after recommendations are placed on the record or served pursuant to section c of this Rule, a party may file exceptions with the clerk. . . .

(Emphasis added).

Once the master orally delivers his recommendations on the record, the parties are on notice of the recommendations, and the time for filing begins to run. The issuance of subsequent written notice does not act to cancel the fact that the parties already are on notice. Because notice is a one time occurrence, Rule S74Ad. is properly set forth in the disjunctive; that is, exceptions must be filed "[w]ithin five days after recommendations are placed on the record *or* served pursuant to section c."

In the instant case, the parties were notified of the master's recommendations at the conclusion of the hearing. Twenty-one days later, the master filed and served upon the parties a copy of his written report and recommendations. Had the master elected to serve the parties with written notice of his recommendations rather than notifying the parties at the conclusion of the hearing, he would have been required to serve such notice within three days of the hearing. Rule S74Ac.

That the filing and service of the written recommendations is distinct from notification is nicely illustrated by Rule S74Ac. which provides that "[p]romptly upon notification to the parties, the master shall file the recommendations and proposed order with the court." The rule contemplates that the written recommendations shall be filed after notification to the parties. That is exactly what occurred in the instant case. The master

---

proper procedure). Service is, in essence, a proxy for notice. It is pellucid that notice is accomplished where a court renders an oral order, or a master issues oral recommendations, on the record in the presence of the parties or their counsel.

notified the parties of his findings in accordance with Rule S74Ac. and then promptly filed his written recommendations. The fact that the master served the parties with a copy of his written recommendations did not affect prior notice to the parties. Accordingly, appellant's time for filing the exceptions began to run on April 2, 1996, the date of the hearing, and not on April 23, 1996 as contended. Thus, the circuit court properly dismissed appellant's exceptions.

JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.